IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

LATASHA FITZGERALD as Next of Kin and
Personal Representative of the Estate of
TIMOTHY COOK, deceased,

Plaintiff,

v. Case No. 2:26-cv-03259-SHL-tmp

CITY OF MEMPHIS, a Municipality,
MEMPHIS POLICE DEPARTMENT,
OFFICER TIMOTHY J. HALL and
OFFICER TERRIANUS HALL,

Defendants.

---

ANSWER OF DEFENDANT OFFICER TERRIANUS HALL, INDIVIDUALLY

---

COMES NOW Defendant Officer Terrianus Hall, individually, through Counsel, and responds to the Amended Complaint filed in this cause, as follows:

AFFIRMATIVE DEFENSES

1. Plaintiff's Amended Complaint fails to state a claim on which relief can be granted and Officer Hall moves that it be dismissed forthwith;
2. Plaintiff's Amended Complaint fails to state a cause of action against him under the United States Constitution;
3. Plaintiff's Amended Complaint fails to state a cause of action against him under Tennessee state law, including but not limited to the T.G.T.L.A.
4. Officer Hall affirmatively pleads all applicable federal and state statutes of limitations;
5. Plaintiff's claims are barred under the doctrine of laches, waiver, estoppel, the prohibition against generalized/group pleading, and the doctrine of unclean hands;

6. Officer Hall contends that Plaintiff is not entitled to any recovery. However, even under all the facts and circumstances set forth in the Plaintiff's Amended Complaint, recovery by Plaintiff against Officer Hall would be limited to nominal damages;

7. The Decedent's own conduct constituted the sole proximate cause of any injuries allegedly sustained and of any damages allegedly resulting therefrom, and as a result Plaintiff is barred from recovery;

8. The Decedent's constitutional rights were not violated;

9. Officer Hall submits that he is entitled to immunity from any alleged state law claims under the facts and circumstances of this case;

10. Officer Hall submits that he is entitled to the defense of Qualified Immunity in that at all times relevant his actions:

    a. Were taken within the course and scope of employment;

    b. Were taken in good faith and with reasonable and probable cause under the circumstances;

    c. Were in accordance with those of an objectively reasonable officer; and,

    d. Were taken pursuant to and in accordance with the Constitution and laws of the United States and the State of Tennessee;

11. Officer Hall requests that Plaintiff be compelled to file a Rule 7 reply to the above and foregoing affirmative matters of Qualified Immunity, averring "specific non-conclusory factual allegations" that establish in particularized detail improper motive, and that there exists a triable issue of improper motive on the part of Officer Hall. *Crawford-El v. Britton*, 523 U.S. 574, 598 (1998); Fed. R. Civ. P. 7.

12. Plaintiff did not suffer damages for which she is entitled to relief;

13. Officer Hall submits that pursuant to 42 U.S.C. § 1988 as well as the 2016 amendment to the Tennessee Governmental Torts Liability Act as set forth in T.C.A. 29-20-113[1], he would be entitled to recover the reasonable attorneys' fees and costs incurred in defending this claim should he prevail in this action brought against him in his individual capacity;

14. Officer Hall reserves the right to raise any additional affirmative defenses that he may have following the completion of discovery herein and/or to amend these affirmative defenses as otherwise allowed by law.

## ANSWER TO THE FIRST AMENDED COMPLAINT

## INTRODUCTION

1. Defendant Officer Hall admits Plaintiff has brought a wrongful death action arising from the fatal shooting of Timothy Cook during and encounter with Memphis Police Department Officers on June 13, 2025, however Defendant Officer Hall denies Plaintiff has any sort of action against him individually. The remaining allegations as set forth in Paragraph 1 of Plaintiff's Amended Complaint are denied.

## JURISDICTION AND VENUE

2. Defendant Officer Hall admits that the encounter between Timothy Cook and Memphis Police Department Officers occurred on June 13, 2025, in the City of Memphis, Shelby County, Tennessee. Any remaining allegations as set forth in Paragraph 2 of Plaintiff's Amended Complaint are denied.

---

[1] 29-12-113(a) Notwithstanding § 20-12-119(c)(5)(A), if a claim is filed with a Tennessee or federal court, the Tennessee claims commission, board of claims, or any other judicial body established by the state or by a governmental entity of the state, against an employee of the state or of a governmental entity of the state in the person's individual capacity, and the claim arises from actions or omissions of the employee acting in an official capacity or under color of law, and that employee prevails in the proceeding as provided in this section, then the court or other judicial body on motion shall award reasonable attorneys' fees and costs incurred by the employee in defending the claim filed against the employee. T.C.A. 29-20-113(a).

3. Defendant Officer Hall admits venue would be proper in this Court; however Defendant Officer Hall denies Plaintiff has any cause of action against him individually. Any remaining allegations as set forth in Paragraph 3 of Plaintiff's Amended Complaint are denied.

4. The allegations as set forth in Paragraph 4 of Plaintiff's Amended Complaint are denied.

PARTIES

5. Defendant Officer Hall lacks sufficient knowledge or information to either admit or deny the allegations in Paragraph 5 of Plaintiff's Amended Complaint and therefore denies the same.

6. Upon information and belief, the allegations as set forth in Paragraph 6 of Plaintiff's Amended Complaint are admitted.

7. Defendant Officer Hall lacks sufficient knowledge or information to either admit or deny the allegations in Paragraph 7 of Plaintiff's Amended Complaint and therefore denies the same.

8. Admitted.

9. Upon information and belief, the allegations as set forth in Paragraph 9 of Plaintiff's Amended Complaint are admitted.

10. Upon information and belief, the allegations as set forth in Paragraph 10 of Plaintiff's Amended Complaint are admitted.

11. Admitted.

12. Admitted.

13. Admitted.

14. Defendant Officer Hall admits he has been sued in both his official and individual capacities, however denies Plaintiff has any such cause of action against him.

15. Defendant Officer Hall admits that at all times relevant herein, he was acting under the color of law. Any remaining allegations as set forth in Paragraph 15 are denied.

## MEMPHIS POLICE DEPARTMENT'S HISTORY OF MISCONDUCT

16. Defendant Officer Hall lacks sufficient knowledge or information to either admit or deny the allegations in Paragraph 16 of Plaintiff's Amended Complaint and therefore denies the same.

17. Defendant Officer Hall lacks sufficient knowledge or information to either admit or deny the allegations in Paragraph 17 of Plaintiff's Amended Complaint and therefore denies the same.

18. Defendant Officer Hall lacks sufficient knowledge or information to either admit or deny the allegations in Paragraph 18 (a-h) of Plaintiff's Amended Complaint and therefore denies the same.

19. Defendant Officer Hall lacks sufficient knowledge or information to either admit or deny the allegations in Paragraph 19 of Plaintiff's Amended Complaint and therefore denies the same.

20. Defendant Officer Hall lacks sufficient knowledge or information to either admit or deny the allegations in Paragraph 20 of Plaintiff's Amended Complaint and therefore denies the same.

21. Defendant Officer Hall denies the allegations as set forth in Paragraph 21 of Plaintiff's Amended Complaint.

22. Defendant Officer Hall denies the allegations as set forth in Paragraph 22 of Plaintiff's Amended Complaint.

## FACTUAL ALLEGATIONS

23. Admitted.

24. Defendant Officer Hall lacks sufficient knowledge or information to either admit or deny the allegations as set forth in Paragraph 24 of Plaintiff's Amended Complaint and therefore denies the same.

25. Defendant Officer Hall lacks sufficient knowledge or information to either admit or deny the allegations as set forth in Paragraph 25 of Plaintiff's Amended Complaint and therefore denies the same.

26. The allegations as set forth in Paragraph 26 of Plaintiff's Amended Complaint are denied.

27. Upon information and belief, the allegations as set forth in Paragraph 27 of Plaintiff's Amended Complaint are denied.

28. Denied.

29. Denied.

30. Defendant Officer Hall lacks sufficient knowledge or information to either admit or deny the allegations as set forth in Paragraph 30 of Plaintiff's Amended Complaint and therefore denies the same.

31. Defendant Officer Hall lacks sufficient knowledge or information to either admit or deny the allegations as set forth in Paragraph 31 of Plaintiff's Amended Complaint and therefore denies the same.

32. Defendant Officer Hall lacks sufficient knowledge or information to either admit or deny the allegations as set forth in Paragraph 32 of Plaintiff's Amended Complaint and therefore denies the same.

33. Defendant Officer Hall lacks sufficient knowledge or information to either admit or deny the allegations as set forth in Paragraph 33 of Plaintiff's Amended Complaint and therefore denies the same.

34. Upon information and belief the allegations as set forth in Paragraph 34 of Plaintiff's Amended Complaint are admitted.

35. Defendant Officer Hall lacks sufficient knowledge or information to either admit or deny the allegations as set forth in Paragraph 35 of Plaintiff's Amended Complaint and therefore denies the same.

36. Defendant Officer Hall lacks sufficient knowledge or information to either admit or deny the allegations as set forth in Paragraph 36 of Plaintiff's Amended Complaint and therefore denies the same.

37. Defendant Officer Hall lacks sufficient knowledge or information to either admit or deny the allegations as set forth in Paragraph 37 of Plaintiff's Amended Complaint and therefore denies the same.

## CAUSES OF ACTION

## COUNT I-42 U.S.C. § 1983 – FOURTH AMENDMENT VIOLATION: EXCESSIVE FORCE

## Against MPD Officer Terrianus Hall

38. To the extent that Paragraphs 1 through 37 have been specifically admitted or denied, they are hereby incorporated as if fully stated herein.

39. Denied.

40. Admitted.

41. The Fourth Amendment speaks for itself.

42. The Civil Rights Acts, 42 U.S.C. § 1983, speaks for itself.

43. Denied.

44. Denied.

45. Denied.

46. Denied.

47. Denied.

48. Denied.

49. Denied.

50. Denied.

<u>COUNT I-42 U.S.C. § 1983 – FOURTH AMENDMENT VIOLATION: EXCESSIVE FORCE</u>

<u>Against MPD Officer Terrianus Hall</u>

51. To the extent that Paragraphs 1 through 50 have been specifically admitted or denied, they are hereby incorporated as if fully stated herein.

52. Denied.

53. Admitted.

54. The Fourth Amendment speaks for itself.

55. The Civil Rights Act, 42 U.S.C. § 1983, speaks for itself.

56. Denied.

57. Denied.

58. Denied.

59. Denied.

60. Denied.

61. Denied.

62. Denied.

63. Denied.

COUNT III – 42 U.S.C. § 1983 – MONELL CLAIM

Against Memphis Police Department

64. To the extent that Paragraphs 1 through 63 have been specifically admitted or denied, they are hereby incorporated as if fully stated herein.

65. The allegations as set forth in Paragraph 65 of Plaintiff's Amended Complaint are not directed towards this Defendant and therefore no response is required. To the extent that a response is required it is admitted.

66. The allegations as set forth in Paragraph 66 (a-e) of Plaintiff's Amended Complaint are not directed towards this Defendant and therefore no response is required. To the extent that a response is required they are denied.

67. The allegations as set forth in Paragraph 67 of Plaintiff's Amended Complaint are not directed towards this Defendant and therefore no response is required. To the extent that a response is required they are denied.

68. The allegations as set forth in Paragraph 68 of Plaintiff's Amended Complaint are not directed towards this Defendant and therefore no response is required. To the extent that a response is required they are denied.

COUNT IV – Wrongful Death / Survival Action

Against All Defendants

69. To the extent that Paragraphs 1 through 68 have been specifically admitted or denied, they are hereby incorporated as if fully stated herein

70. Denied.

71. Denied.

72. Denied.

73. Denied.

## DAMAGES

74. To the extent that Paragraphs 1 through 73 have been specifically admitted or denied, they are hereby incorporated as if fully stated herein.

75. The allegations as set forth in Paragraph 75 (a-n) in Plaintiff's Amended Complaint are denied.

## PRAYERS FOR RELIEF

76. Defendant Hall denies Plaintiff is entitled to relief as set forth in Paragraph 76 of Plaintiff's Amended Complaint.

77. Defendant Hall denies Plaintiff is entitled to relief as set forth in Paragraph 77 of Plaintiff's Amended Complaint.

78. Defendant Hall denies Plaintiff is entitled to relief as set forth in Paragraph 78 of Plaintiff's Amended Complaint.

79. Defendant Hall denies Plaintiff is entitled to relief as set forth in Paragraph 79 of Plaintiff's Amended Complaint.

80. Defendant Hall denies Plaintiff is entitled to any relief whatsoever.

81. Defendant Hall admits Plaintiff has requested a jury trial.

82. Any other allegations not specifically admitted are herein denied.

WHEREFORE, PREMISES CONSIDERED, Officer Hall respectfully requests that:

1. This Court dismiss Plaintiff's Amended Complaint with prejudice, based upon each and every aforesaid Affirmative Defenses;

2. This Court deny Plaintiff the relief prayed for in the request for relief, and that Plaintiff be denied any relief whatsoever;

3. That Plaintiff be compelled to file a Rule 7 reply to the above and foregoing affirmative matters of Qualified Immunity, averring "specific non-conclusory factual allegations" that establish in particularized detail improper motive, and that there exists a triable issue of improper motive on the part of Officer Hall. *Crawford-El v. Britton*, 523 U.S. 574, 598 (1998); Fed. R. Civ. P. 7.

4. In conjunction with the dismissal of Plaintiff's Amended Complaint with prejudice, Officer Hall be awarded and recover from Plaintiff costs, attorney's fees and expenses in association with the defense of the instant civil action against him individually, on the ground that said Complaint is legally and factually unsupportable, and has been filed without substantial justification and/or without an arguable basis in law, and that such sanctions be imposed pursuant to Rule 11, Fed.R.Civ.P. and/or that Officer Hall be awarded costs and attorney's fees pursuant to 42 U.S.C. § 1988 and T.C.A. 29-20-113, as this Court may deem appropriate.

Respectfully submitted,

s/ Mary Elizabeth Walton

MARY ELIZABETH WALTON, Bar No. 21597
DEBORAH E. GODWIN. Bar No. 9972
Attorneys for Defendant Officers Hall and Hall, Individually
Godwin, Morris, Laurenzi & Bloomfield, P.C.
80 Monroe Avenue, Suite 315
Memphis, Tennessee 38103
Tel: 901-528-1702
Fax: 901-528-0246

Email: bwalton@gmlblaw.com
dgodwin@gmlblaow.com

CERTIFICATE OF SERVICE

I, Mary Elizabeth Walton, hereby certify that on October 14, 2026, I electronically filed the foregoing with the clerk of the court by using the CM/ECF system, and that upon filing, a notice of electronic filing will be sent to all registered parties in this case. I further hereby certify that there are no non-registered parties in this case.

/s/ Mary Elizabeth Walton
MARY ELIZABETH WALTON